# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA                                     NO. 2024 KW 0311

VERSUS

JOHN GLENN RAYMOND                                     **JUNE 17, 2024**

---

In Re:      State of Louisiana, applying for supervisory writs,
            22nd Judicial District Court, Parish of St. Tammany,
            No. 5603-F-2022.

---

**BEFORE:    GUIDRY, C.J., McCLENDON AND WELCH, JJ.**

   **WRIT GRANTED.** It is well settled that courts may not admit evidence of other crimes to show the defendant as a man of bad character who has acted in conformity with his bad character. See La. Code Evid. art. 404B(1)(a). A statutory exception to the exclusionary rule is contained in La. Code Evid. art. 412.4, which allows the admission of other incidents of mistreatment of juveniles for any relevant purpose, subject to the balancing test provided in La. Code Evid. art. 403. Defendant's assertion that the prior acts in question were disciplinary measures, which he was permitted to administer as the head disciplinarian of the private school, put the question of his having the requisite criminal intent for the commission of the crimes at issue. The instances of alleged mistreatment of S.V.S. have probative value to prove pattern and to rebut the defendant's defenses. Thus, this evidence is not more prejudicial than probative. The trial court may lessen any potential prejudice and guard against jury misuse of the evidence by giving cautionary instructions contemporaneously with the evidence and the closing argument, as well as in the jury charges. See e.g., **State v. Robertson**, 2015-2095 (La. 2/5/16), 183 So.3d 1287, 1291 (*per curiam*). Accordingly, the district court's ruling excluding evidence regarding defendant's alleged mistreatment of S.V.S. is reversed and this matter is remanded for further proceedings.

**JMG**
**PMc**
**JEW**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
       FOR THE COURT